1
2
3
4
5
6              UNITED STATES DISTRICT COURT

7                    DISTRICT OF NEVADA

8                          * * *

9   JANE DOE as Guardian of J. DOE, a minor,      Case No. 3:23-cv-00107-LRH-CSD
    and in her individual capacity,
10                                                  ORDER
                                    Plaintiffs,
11
           v.
12
    WASHOE COUNTY SCHOOL DISTRICT,
13  a political subdivision of the State of Nevada;
    DOES I–XX; and ROES I–XX,
14
                                    Defendants.
15

16          Defendant Washoe County School District ("WCSD") moves the Court to dismiss (ECF

17  No. 23) a complaint (ECF No. 1) filed by Plaintiffs Jane Doe ("Guardian Plaintiff") and J. Doe

18  ("Minor Plaintiff") (collectively, "Plaintiffs").[1] Plaintiffs opposed (ECF No. 28) and WCSD

19  replied (ECF No. 29). For the reasons contained within this Order, the Court grants WCSD's

20  motion to dismiss (ECF No. 23).

21  **I.      BACKGROUND**

22          Plaintiffs commenced this action based upon alleged bullying and discrimination that took

23  place while Minor Plaintiff was 9 to 10 years old and attended Jerry Whitehead Elementary School

24  ("Whitehead Elementary") in WCSD. ECF No. 1 at ¶ 27. Guardian Plaintiff brings this action in

25  her individual capacity as well as on behalf of Minor Plaintiff. *Id.* at ¶ 8. Accepting the allegations

26

27          [1]   Originally, Plaintiffs brought this action against WCSD, Washoe County School District Board of
                  Trustees (the "Board"), and Washoe County School District Superintendent, Dr. Susan Endfeld
28                ("Superintendent"). After the parties stipulated to dismissal, the Court issued an order dismissing
                  the Board and Superintendent. *See* ECF No. 27.

                                          1

in Plaintiffs' complaint as true, Minor Plaintiff suffers from anxiety, tachycardia, and cyclical vomiting. *Id.* at ¶¶ 13, 28. At Whitehead Elementary, Minor Plaintiff received accommodation under Section 504 of the Rehabilitation Act, i.e., a Section 504 plan. *Id.* at ¶¶ 27, 28.

In February of 2022, a "minor student aggressor" allegedly chocked Minor Plaintiff in "the bathroom" at an unidentified location–seemingly located within Whitehead Elementary–chased Minor Plaintiff with a pencil while threatening to stab him, and later continued this behavior at a park "adjacent to the school." *Id.* at ¶ 29. In August of 2022, the Second Judicial District Court of Nevada issued a temporary protection order ("TPO"), prohibiting the minor student aggressor from contacting Minor Plaintiff or being within 100 yards of Minor Plaintiff. *Id.* at ¶ 31. In March of 2023, Plaintiffs commenced this action.

In the complaint, Plaintiffs allege that WCSD refused to enforce the TPO, failed to implement the Section 504 plan, and discriminated against Minor Plaintiff on the basis of his sex and disability. ECF No. 1 at ¶¶ 13, 28, 32, 41, 58. Plaintiffs assert the following seven causes of action: (1) "declaratory relief under 42 U.S.C. § 1983" ("Section 1983"); (2) violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution ("Fourteenth Amendment"); (3) violation of the Procedural Due Process Clause of the Fourteenth Amendment; (4) discrimination in violation of Title IX of 20 U.S.C. § 1681 ("Title IX"); (5) violation of Section 504 of the Rehabilitation Act; (6) negligence; and (7) intentional infliction of emotional distress ("IIED"). *See id.* at ¶¶ 66–148. In May of 2023, WCSD filed a motion to dismiss, arguing that the Court must dismiss each of Plaintiffs' seven causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 23.

## II.    LEGAL STANDARD

A party may seek the dismissal of a complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Federal Rule of Civil Procedure 8(a). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(a) does not require

"detailed factual allegations;" however, a "pleading that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet the broad pleading standard under Rule 8(a). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See id.* at 678–79 (stating that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks and citations omitted)). Further, in reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, "bare assertions" in a complaint amounting "to nothing more than a 'formulaic recitation of the elements'" of a claim are not entitled to an assumption of truth. *Id.* at 680–81 (quoting *Twombly*, 550 U.S. at 555). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

## III.    DISCUSSION

### A.    Article III Standing

WCSD first challenges Guardian Plaintiff's standing to sue WCSD in her individual capacity. ECF No. 23 at 3 n.1. Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Article III of the United States Constitution confines federal judicial power to adjudicating only genuine "Cases" or "Controversies." U.S.

CONST. art. III, § 2. "Standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "[T]he irreducible constitutional minimum of standing contains three elements": (1) a concrete and particularized injury in fact; (2) a causal connection between the injury and the challenged conduct; and (3) a likelihood that the injury would be redressed by a favorable decision. *Id.* at 560–61.

WCSD argues that Guardian Plaintiff lacks standing to sue WCSD in her individual capacity under each of the seven claims in the complaint. ECF No. 23 at 3 n.1. The Court agrees. The factual allegations in the complaint center around Minor Plaintiff. ECF No. 1 at ¶¶ 27–65. And under the first through sixth causes of action, Plaintiffs' allegations as to injuries and the causes thereof concern Minor Plaintiff. *Id.* at ¶¶ 70, 72, 84–88, 98–102, 111–13, 125–27, 141–43. Thus, the allegations of conduct for which Plaintiffs argue WCSD is culpable pertain to Minor Plaintiff rather than Guardian Plaintiff.

As to any alleged injury to Guardian Plaintiff, the complaint repeats the same allegation throughout the causes of action: Guardian Plaintiff "has and will into the future incur medical, educational, and other expenses[.]" ECF No. 1 at ¶¶ 88, 102, 113, 127, 143. Additionally, the seventh cause of action contains vague assertions that WCSD's intentionally disregarded Plaintiffs' rights. *Id.* at ¶¶ 147, 148. However, such vague, conclusory assertions do not establish that Guardian Plaintiff suffered a particularized and concrete injury. *See Lujan*, 504 U.S. at 560–61. Additionally, beyond these conclusory allegations, the complaint is void of allegations to establish a causal connection between any injury to Guardian Plaintiff and WCSD. In short, Plaintiffs fail to establish the three elements of standing as to Guardian Plaintiff under any of the seven claims set forth in the complaint. *See Lujan*, 504 U.S. at 560–61. Thus, the Court grants WCSD's motion to dismiss in regard to Guardian Plaintiff's lack of standing.

### B.   Declaratory Relief

WCSD moves to dismiss Plaintiffs' first cause of action on the basis that it is redundant given the other causes of action. ECF No. 23 at 8, 9. The Court agrees. A court should deny a litigant's request for declaratory relief where it is redundant or where it will serve no purpose in clarifying the dispute between the parties. *United States v. State of Wash.*, 759 F.2d 1353, 1357

4

(9th Cir. 1985) (en banc). Here, Plaintiffs request the Court issue a declaration establishing that WCSD is liable for violating the exact rights under which Plaintiffs assert separate causes of action. ECF No. 1 at ¶¶ 66–73. The Court cannot reach a determination as to Plaintiffs' other causes of action without determining whether WCSD is liable for allegedly violating the same rights related to Plaintiffs' first cause of action. Thus, Plaintiffs' first cause of action is redundant. In addition, Plaintiffs' first cause of action would serve no purpose in clarifying the dispute between the parties. Therefore, the Court grants WCSD's motion to dismiss in regard to Plaintiffs' first cause of action.

## C.    *Monell* Liability

WCSD moves to dismiss Plaintiffs' second and third causes of action on the basis that each cause of action fails to state a *Monell* claim. ECF No. 23 at 9–11. Plaintiffs' second and third causes of action are Section 1983 claims against WCSD, alleging that WCSD violated Minor Plaintiffs' rights to "equal protection" and "procedural due process" under the Fourteenth Amendment. ECF No. 1 at 18–21. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." *Sweaney v. Ada County,* 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotation marks and citation omitted). Section 1983 claims brought against a municipal entity are recognized by courts as "*Monell* claims." *See, e.g., City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

In *Monell*, the Supreme Court held that "a local government may not be sued under [Section] 1983 for an injury inflicted solely by its employees or agents." 436 U.S. at 694. To impose *Monell* liability on a municipality under Section 1983, a plaintiff must allege sufficient factual matter, accepted as true, to establish: (1) they were deprived of a constitutional right; "(2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted).

WCSD argues that Plaintiffs' second and third causes of action fail to state *Monell* claims because the allegations in the complaint do not establish the second element of a *Monell* claim, i.e., the policy element. ECF No. 23 at 10, 11. The Court agrees. A plaintiff may establish the

policy element of a *Monell* claim by demonstrating that the individual who committed the constitutional tort "was an official with final policy–making authority or such an official ratified the unconstitutional decision or action and the basis for it." *Gordon*, 6 F.4th at 973 (internal quotation marks and citations omitted). The plaintiff may also demonstrate that the individual acted pursuant to the municipal defendant's expressly adopted official policy or longstanding practice or custom. *Id.* (internal citations omitted).

Plaintiffs' complaint fails to state *Monell* claims. The complaint simply does not contain sufficient factual matter, accepted as true, to establish the policy element of a *Monell* claim. Plaintiffs do nothing more than set forth a series of legal conclusions void of requisite factual allegations. *See* ECF No. 1 at ¶¶ 74–103. For example, without providing sufficient factual matter to support their allegations, Plaintiffs attempt to establish the policy element by alleging that unidentified "teachers, staff, and administrators" with final policy-making authority carried out and ratified "customs and/or policies and/or practices" that arise from an "express policy." *Id.* at ¶¶ 75, 76, 82, 95. Because the complaint is insufficient to establish the policy element of a *Monell* claim, the Court grants WCSD's motion to dismiss in regard to Plaintiffs' second and third causes of action.

**D.    Title IX**

WCSD moves to dismiss Plaintiffs' fourth cause of action on the basis that Plaintiffs fail to state a Title IX discrimination claim. ECF No. 23 at 14–16. Plaintiffs' fourth cause of action consists of a claim that WCSD "violated Minor Plaintiffs rights under Title IX." ECF No. 1 at ¶ 107. Under Title IX, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX allows for a private right of action against federal fund recipients for discrimination on the basis of sex or sexual orientation. *Grabowski v. Ariz. Bd. of Regents*, 69 F.4th 1110, 1115–16 (9th Cir. 2023). "[A] plaintiff alleging a Title IX claim against a school that arises from student-on-student or faculty-on-student sexual harassment or assault must establish five elements." *Karasek v. Regent of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020).

To establish a Title IX claim, a plaintiff must allege sufficient factual matter, accepted as true, to demonstrate: "(1) that the educational institution had substantial control over both the harasser and the context in which the known harassment occur[ed]; (2) that the harassment was so severe, pervasive, and objectively offensive that it denie[d] its victims the equal access to education that Title IX is designed to protect; (3) that a school official with authority to address the alleged discrimination and to institute corrective measure ha[d] actual knowledge of the discrimination; (4) that the school acted with deliberate indifference to the harassment; and (5) that the school's deliberate indifference [], at a minimum, caused[d] students to undergo harassment, or ma[d]e them liable or vulnerable to it." *Brown v. Arizona*, 82 F.4th 863, 874 (9th Cir. 2023) (cleaned up).

Plaintiffs' complaint fails to state a Title IX discrimination claim. Plaintiffs' complaint does not contain sufficient factual matter, accepted as true, to establish any of the five elements of a Title IX claim for sexual harassment or assault.[2] *See* ECF No. 1 at ¶¶ 104–14. For example, Plaintiffs' fourth cause of action contains mere allegations that WCSD "failed to prohibit the discriminatory conduct, and did condone, ratify, and carry out such acts and expressions . . . , undermined and detracted from his educational experiences, and . . . created a disadvantaged and dangerous school environment." *Id.* at ¶¶ 106, 108. Elsewhere in the complaint, Plaintiffs set forth a series of vague allegations, including an assertion that Minor Plaintiff was subjected to "discrimination, to include sexual harassment." *Id.* at ¶¶ 29, 61. However, Plaintiffs do not provide any further detail concerning the alleged harassment. Without more, the complaint fails to meet the broad pleading standard under Rule 8. Accordingly, the Court grants WCSD's motion to dismiss in regard to Plaintiffs' fourth cause of action.

### E.    The Rehabilitation Act

WCSD moves to dismiss Plaintiffs' fifth cause of action on the basis that Plaintiffs fail to state a claim under the Rehabilitation Act. ECF No. 23 at 16–18. Under Plaintiffs' fifth cause of action, Plaintiffs claim that WCSD violated the Rehabilitation Act and requests monetary

---

[2] The Court notes that, in the complaint, Plaintiffs reference alleged retaliation. ECF No. 1 at ¶¶ 29, 61. However, without more than these conclusory, passing references, the Court will not address Plaintiffs' fourth cause of action as a Title IX claim for retaliation, which is a separate analysis than a Title IX discrimination claim. *See Grabowski*, 69 F.4th at 1115–22.

1
2
3
4
5
6
7
8

damages. ECF No. 1 at ¶¶ 115–28. The Rehabilitation Act, in relevant part, prohibits public schools that receive federal funding from discriminating against disabled individuals. *See* 29 U.S.C. § 794(b)(2)(B); *Bird v. Lewis & Clark Coll.*, 303 F.3d 1015, 1020 (9th Cir. 2022). Plaintiffs allege that Minor Plaintiff suffers from anxiety, tachycardia, and cyclical vomiting, and WCSD established a Section 504 plan for him. ECF No. 1 at ¶ 28. Plaintiffs claim that WCSD failed to: (1) implement and maintain Minor Plaintiff's Section 504 plan; (2) "carry out subsequent procedural safeguards;" and (3) prohibit, report, or mitigate the harm from discrimination. *Id.* at ¶¶ 117–22.

9
10
11
12
13
14
15
16
17
18
19
20

Before addressing Plaintiffs' third allegation concerning alleged discrimination, the Court must separately address Plaintiffs' first two allegations since these two allegations are not properly before the Court. Plaintiffs must exhaust all administrative remedies under the Individuals with Disabilities Education Act ("IDEA") before seeking judicial relief for allegedly being denied a "free appropriate public education" ("FAPE"). 20 U.S.C. § 1415(l); *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 754 (2017). Whether a plaintiff seeks FAPE based relief is not contingent on their use of labels or terms, but rather "the substance, or gravamen, of the plaintiff's complaint." *Fry*, 137 S. Ct. at 752–55. The gravamen of the complaint likely concerns FAPE when the following two hypothetical questions would be answered in the negative: (1) could the plaintiff have brought "essentially the same claim if the alleged conduct had occurred at a public facility that was not a school"; and (2) could an adult at the school, such as an employee or visitor, have pressed essentially the same grievance? *Id.* at 756.

21
22
23
24
25
26
27

Here, the gravamen of the complaint concerns FAPE based relief as it relates to Plaintiffs' first two allegations under the fifth cause of action. Plaintiffs' allegations that WCSD failed to implement and maintain Minor Plaintiff's Section 504 plan and "carry out subsequent procedural safeguards" could not have been brought if the alleged conduct occurred at a public facility other than a school. Also, an adult at the school could not have pressed essentially the same grievance. Therefore, each of these two allegations must first be heard by an administrative agency before the Court can consider the merits of either allegation. Because Plaintiffs have not provided evidence

28

of administrative exhaustion, Plaintiffs' first two allegations concerning Minor Plaintiff's Section 504 plan and subsequent procedural safeguards must be dismissed.

The Court now turns to Plaintiffs' third allegation concerning alleged discrimination.[3] To establish a discrimination claim under the Rehabilitation Act, a plaintiff must allege sufficient factual matter, accepted as true, to demonstrate, among other things, that "he was denied a reasonable accommodation that he needs in order to enjoy meaningful access to the benefits of public services[.]" *Csutoras v. Paradise High Sch.,* 12 F.4th 960, 968 (9th Cir. 2021) (cleaned up). When a plaintiff seeks monetary damages, the plaintiff must also prove "'intentional discrimination' in the failure to accommodate, which 'may be met by showing deliberate indifference.'" *Id.* at 969 (quoting *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (other citations omitted).

"Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall v. Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001) (internal citations omitted). "To meet the high bar of deliberate indifference, a plaintiff must first show that the public entity was on notice of the need for an accommodation." *Csutoras,* 12 F.4th at 969 (citing *Duvall*, 260 F.3d at 1139). If a plaintiff satisfies the first element of deliberate indifference, the plaintiff must also prove that the public entity's failure to act was a result of conduct involving deliberateness rather than mere negligence. *Duvall*, 260 F.3d at 1139 (internal citations omitted).

As it relates to Plaintiffs' third allegation concerning alleged discrimination, Plaintiffs fail to state a claim under the Rehabilitation Act. Plaintiffs' complaint does nothing more than offer a series of broad accusations without the requisite factual context to establish that Minor Plaintiff was denied a reasonable accommodation needed in order to enjoy meaningful access to the benefits of a public service provided by WCSD. For example, in an attempt to support their claim that WCSD violated the Rehabilitation Act, Plaintiffs contend that WCSD ignored the TPO. ECF No.

---

[3] Because Plaintiffs do not provide enough information to determine whether their third allegation requests FAPE based relief, the Court addresses it in the context of a discrimination claim that does not request FAPE based relief. However, if appropriate, the Court may address whether Plaintiffs seek FAPE based relief if Plaintiffs amend the fifth cause of action.

28 at 17 (citing ECF No. 1 at ¶¶ 30–34). But Plaintiffs do not allege the manner in which WCSD ignored the TPO, when it did so, or how doing so denied Minor Plaintiff a reasonable accommodation related to his disability. Furthermore, Plaintiffs' complaint fails to establish deliberate indifference by WCSD in its alleged failure to accommodate. *See Csutoras,* 12 F.4th at 966 (explaining that schools are not required "to purge themselves of every instance of bullying or harassment to avoid liability," and deliberate indifference occurs "where the school's response to the harassment or lack thereof was clearly unreasonable in light of the known circumstances" (cleaned up)). Without more than vague allegations, the complaint fails to meet the broad pleading standard under Rule 8, and the Court grants WCSD's motion to dismiss in regard to the fifth cause of action.

### F.    Negligence

WCSD moves to dismiss Plaintiffs' sixth cause of action on the basis that Plaintiffs fail to state a negligence claim. ECF No. 23 at 16–18. Under the sixth cause of action, Plaintiffs claim that "Title 34 of the Nevada Revised Statutes" mandates that WCSD perform ten duties. ECF No. 1 at ¶¶ 130–32. Plaintiffs then assert that WCSD "failed to perform and breached [its] mandatory duties[.]" *Id.* Plaintiffs go on to allege that WCSD's alleged "violations [] are actionable under NRS 385 *Et. Seq.*, NRS 385A *Et. Seq.*, NRS 386 *Et. Seq.*, NRS 388 *Et. Seq.*, NRS 391 *Et. Seq.*, NRS 391 *Et. Seq.*, and NRS 392 *Et. Seq.* [sic]." *Id.* at ¶¶ 131–40. Reading these allegations in the light most favorable to Plaintiffs, Plaintiffs' negligence claim appears to be based upon a theory of negligence per se.[4]

Under Nevada law, a negligence claim may be based upon a theory of negligence per se so long as the plaintiff establishes three elements. *See Atkinson v. MGM Grand Hotel, Inc.*, 98 P.3d 678, 680 (Nev. 2004); *Vega v. E. Courtyard Assocs.*, 24 P.3d 219, 221 (Nev. 2001); *Paso Builders,*

---

[4]    In their response brief, Plaintiffs assert that the sixth cause of action is a negligence claim actionable under Section 1983. *See* ECF No. 28 at 21, 22; *see also Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971–72 (9th Cir. 2011) (explaining when a state's omission or failure to protect may give rise to a Section 1983 claim). While Plaintiffs claim that they are entitled to recover reasonable attorney fees pursuant to Section 1983, Plaintiffs' sixth cause of action lacks any reference to actionable conduct under Section 1983. *See* ECF No. 1 at 129–44. Rather, Plaintiffs entire negligence claim relies upon alleged violations of Nevada law. *See id.* Therefore, the Court cannot treat Plaintiffs' sixth cause of action as a negligence claim based upon Section 1983 because Plaintiffs did not draft their complaint in that manner.

*Inc. v. Hebard*, 426 P.2d 731, 736 (Nev. 1967). Nevada law requires a plaintiff to allege sufficient factual matter, accepted as true, to establish that: (1) the defendant's violated a particular statute resulting in an injury to a person who is a member of the class of persons the statute was intended to protect; (2) the injury suffered was the type the statute was intended to protect against; and (3) the violation of the statute was the proximate cause of his injury. *Id.*

Plaintiffs' complaint fails to state a negligence claim. Plaintiffs' complaint does not allege sufficient factual matter, accepted as true, to establish any of the three elements of negligence per se. The complaint does not provide a particular statute that WCSD allegedly violated. Instead, Plaintiffs allege that WCSD has ten statutorily mandated duties and cited to entire titles and chapters of Nevada statutory schemes. In response to WCSD's motion to dismiss, Plaintiffs, for the first time, claim that WCSD violated three particular statutes. ECF No. 28 at 20, 21 (citing NRS §§ 388.1321, 388.1351, 388.132). However, Plaintiffs do not provide any argument or sources of legal authority for the Court to determine that (1) Plaintiff is a member of the class of persons these statutes were intended to protect; (2) an alleged injury suffered was the type of injury the statute was intended to protect against; or (3) an alleged violation of the statute was the proximate cause of that injury. *See Atkinson*, 98 P.3d at 680; *see also Paso Builders, Inc.*, 426 P.2d at 736. Therefore, the complaint fails to meet the broad pleading standard under Rule 8 to establish negligence per se, and the Court grants WCSD's motion to dismiss in regard to Plaintiffs' sixth cause of action.

### G.   Intentional Infliction of Emotional Distress ("IIED")

WCSD moves to dismiss Plaintiffs' seventh cause of action on the basis that Plaintiffs fail to state an IIED claim. ECF No. 23 at 22. To establish an IIED claim, a plaintiff must allege sufficient factual matter, accepted as true, to demonstrate, among other things, that the defendant performed "extreme and outrageous conduct." *Dillard Dep't Stores, Inc. v. Beckwith,* 989 P.2d 882, 886 (Nev. 1999) (en banc). Here, Plaintiffs' complaint fails to state an IIED claim because it does not contain sufficient factual matter, accepted as true, to establish that WCSD performed extreme and outrageous conduct. *See* ECF No. 1 at ¶¶ 145–48. Under the seventh cause of action, Plaintiffs claim that WCSD's "acts and omissions described herein were extreme and outrageous

11

and intentionally conducted to cause emotional distress to Plaintiffs." *Id.* at ¶ 146. Without more, the complaint is insufficient because Plaintiffs merely offer a legal conclusion and recite an element of an IIED claim. Accordingly, the Court grants WCSD's motion to dismiss in regard to Plaintiffs' seventh cause of action.

### H.   Leave to Amend

Plaintiffs request leave to amend. ECF No. 28 at 3. When a plaintiff can no longer amend as a matter course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a). Courts should grant leave to amend freely when justice so requires. *Id.* Generally, leave to amend should be granted unless "the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (internal citations omitted).

WCSD oppose Plaintiffs' request for leave to amend on the basis of futility,[5] arguing that no facts exist to save Plaintiffs' claims. ECF No. 29 at 12. The Court disagrees in part. As to Plaintiffs' second through seventh causes of action, WCSD's argument is premature at this stage of the proceedings. The Court grants Plaintiffs' request for leave to amend in so far as Plaintiffs may attempt to cure the legal defects with Plaintiffs' second through seventh causes of action.[6] But as to Guardian Plaintiff's lack of standing and Plaintiffs' first cause of action, the Court agrees with WCSD's argument. This action is centered around allegations concerning conduct by WCSD toward Minor Plaintiff and alleged injuries to Minor Plaintiff. Therefore, under the circumstances, no facts exist to provide Guardian Plaintiff with standing to sue WCSD, in her individual capacity, under any of the causes of action brought by Plaintiffs. And as the Court previously explained, Plaintiffs' request for declaratory relief is redundant and would serve no purpose in clarifying the

---

[5] WCSD also argues that allowing Plaintiffs to amend would force WCSD to defend against claims that should be dismissed, unnecessarily prolonging litigation. ECF No. 29 at 12. However, without further elaboration, this second argument is merely an extension of WCSD's first futility argument.

[6] The Court does not address WCSD's request to "dismiss Plaintiffs' remaining state law claims as it lacks supplemental jurisdiction" because the Court is dismissing Plaintiffs' federal claims without prejudice while granting Plaintiffs' request for leave to amend. *See* ECF No. 23 at 23.

1 dispute between the parties. The Court concludes that justice does not require granting Plaintiffs
2 leave to amend as to Guardian Plaintiff's standing or the first cause of action.

3 **IV.    CONCLUSION**

4        IT IS THEREFORE ORDERED that Defendant Washoe County School District's motion
5 to dismiss (ECF No. 23) the Complaint (ECF No. 1) is **GRANTED**. In her individual capacity,
6 Plaintiff Jane Doe, i.e., Guardian Plaintiff, is **DISMISSED**, with prejudice, as a party in this action
7 for lack of standing. Plaintiffs' first cause of action is **DISMISSED** with prejudice. Plaintiffs'
8 second through seventh causes of action are **DISMISSED** without prejudice.

9        IT IS FURTHER ORDERED that Plaintiffs are granted leave to file a first amended
10 complaint within **30 days** from the date of entry of this Order if they believe they may cure the
11 deficiencies the Court identified in this Order.

12        IT IS SO ORDERED.

13        DATED this 14th day of February, 2024.

14

15 _____
   LARRY R. HICKS
16 UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

13