UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| J. DOE, a minor, by and through Jane Doe,<br><br>Plaintiff,<br>v.<br>WASHOE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; DOES I–XX; and ROES I-XX,<br><br>Defendants. | Case No. 3:23-cv-00107-MMD-CSD<br><br>ORDER |

**I.   SUMMARY**

Defendant Washoe County School District ("WCSD") moves to dismiss (ECF No. 32 ("Motion")) the first amended complaint (ECF No. 31 ("FAC")) filed by J. Doe ("Plaintiff"), a minor, by and through Jane Doe.[1] The Court will grant the Motion because Plaintiff's FAC fails to cure numerous deficiencies the Court[2] identified in a prior order dismissing the initial complaint. (ECF No. 30 ("Dismissal Order").) The Court dismisses the first through fourth causes of action with leave to amend and the fifth and sixth causes of action in the FAC with prejudice.

**II.   BACKGROUND**

Plaintiff alleges his classmates at Jerry Whitehead Elementary School ("Whitehead Elementary") in WCSD bullied and discriminated against him. (ECF No. 31 at 4-6.) At all times relevant to the FAC, Plaintiff was 9 to 10 years old. (*Id.* at 6.)

///

---

[1]Plaintiff opposed (ECF No. 35) and WCSD replied (ECF No. 36).

[2]United States District Judge Larry R. Hicks issued the order the Court is referring to. (ECF No. 30.) This case was later reassigned to the Court. (ECF No. 38.) The Court interchangeably refers to Judge Hicks and itself as the Court in the remainder of this order.

Plaintiff received accommodations at Whitehead Elementary because he experienced anxiety, tachycardia, and cyclical vomiting. (*Id.* at 11.) Beginning "about November 2021 through the present day," Plaintiff "was subjected to a pattern and practice of systematic bullying based on his perceived sexual orientation, gender identity[,] and disabilities . . . includ[ing] daily taunting by students, mocking his clothing, accessories, behavior, and belittling him based upon his perceived sexual orientation and gender identity." (*Id.* at 7, 10.) As early as March 2019, Plaintiff's parents reported the bullying to WCSD. (*Id.* at 7.) Unidentified "faculty and/or staff" ignored "said reports." (*Id.*)

On February 23, 2022, a "minor student aggressor" allegedly attacked Plaintiff in the bathroom at Whitehead Elementary. (*Id.* at 6.) The student choked Plaintiff, chased him with a pencil, and threatened to stab him. (*Id.*) The student allegedly continued this behavior at a "park adjacent to the school." (*Id.*) On August 29, 2022, the Second Judicial District Court of Nevada issued a temporary protection order ("TPO") against the minor student aggressor. (*Id.* at 8.) A hearing was set to determine whether to extend the TPO otherwise it would expire on September 27, 2022—the same day as the hearing.[3] (ECF No. 32-1 at 2.)

The TPO prohibited the minor student aggressor from threatening, physically injuring, harassing, contacting Plaintiff, or coming within 100 yards of his residence. (*Id.* at 2-4.) While the TPO further prohibited the student from coming within 100 yards of Whitehead Elementary, it expressly provided an exception allowing the student to attend

---

[3]Under the doctrine of incorporation by reference, the Court considers the TPO document without converting WCSD's motion to dismiss into a motion for summary judgment. Normally, if a district court considers evidence outside the pleadings when addressing a motion to dismiss under Federal Rule of Procedure 12(b)(6), the court must convert the motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 56 and give the nonmoving party an opportunity to respond. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (citing FED. R. CIV. P. 12(b)). However, a court may consider documents incorporated by reference into a complaint without converting a motion to dismiss into a motion for summary judgment if the plaintiff refers extensively to the document(s) or when the document forms the basis of the plaintiff's claims. *See id.* at 907-08. Here, Plaintiff references the TPO extensively throughout the FAC, and Plaintiff brings the claims in the FAC with the TPO as a basis for those claims. Thus, the doctrine of incorporation by reference applies, and the Court considers the TPO document in resolving the Motion without converting WCSD's Motion into to a motion for summary judgment.

Whitehead Elementary for legitimate scholastic and extracurricular activities so long as he had no contact with Plaintiff. (*Id.* at 5.) Plaintiff alleges that WCSD allowed the bullying "to persist over the next four months" by refusing to enforce the terms of the TPO or "follow mandated protocols regarding adequate and reasonable mitigation of the situation." (ECF No. 31 at 8-9.) Instead, unidentified WCSD faculty and administrators retaliated against Plaintiff "for disclosing to his parents the conditions at school." (*Id.* at 8.) WCSD failed to report any of the incidents for investigation. (*Id.* at 9.) As the "pervasive acts continued, [Plaintiff] was subject[ed] to additional physical and sexual assault and battery by the minor student abuser" and "additional discrimination on the basis of his sex and disability by" unidentified WCSD employees. (*Id.*)

Plaintiff and Jane Doe, in her individual capacity as well as in her capacity as Plaintiff's guardian, sued WCSD, the Washoe County School District Board of Trustees, and Washoe County School District Superintendent Dr. Susan Endfeld. (ECF No. 1 at 4.) On a stipulation, the Court dismissed the Board and Superintendent as defendants, leaving WCSD as the only Defendant. (ECF No. 27 at 2.)

The Court subsequently granted WCSD's motion to dismiss the initial complaint. (ECF No. 30 at 13.) The Court dismissed with prejudice both Jane Doe in her individual capacity as a party to this action and the first cause of action requesting declaratory relief. (*Id.* at 3-5.) The Court further dismissed without prejudice the second through seventh causes of action with leave to amend to cure the deficiencies described in the Dismissal Order. (*Id.* at 5-13.) Plaintiff then filed the FAC. (ECF No. 31.)

In the FAC, Plaintiff alleges: (1) violation of the Equal Protection Clause of the Fourteenth Amendment; (2) violation of the Procedural Due Process Clauses of the Fifth and Fourteenth Amendments; (3) *Monell*[4] liability; (4) discrimination in violation of Title IX of 20 U.S.C. § 1681 ("Title IX"); (5) negligence; and (6) intentional infliction of emotional distress ("IIED"). (*Id.* at 14-30.)

---

[4]*See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

### III. DISCUSSION

WCSD seeks dismissal under Rule 12(b)(6), contending the FAC contains the same deficiencies identified in the Court's Dismissal Order.[5] (ECF No. 32 at 10-11.) The Court agrees and will dismiss Plaintiff's fifth and sixth causes of action with prejudice.[6] However, Plaintiff outlines new theories of liability in the first and second causes of action (ECF No. 31 at 14-20), another *Monell* claim under the third cause of action (*Id.* at 21-23), and an altered Title IX claim in his fourth cause of action (*Id.* at 23-25). The Court will address these theories in turn.

### A. *Monell* Claims

Under *Monell*, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Id.* at 900

---

[5] One of these deficiencies is the party's name. The Court dismissed Jane Doe, in her individual capacity, with prejudice in the Dismissal Order. (ECF No. 30 at 13.) In response to WCSD's Motion, Plaintiff asserts he amended the initial complaint in conformity with the Dismissal Order. (ECF No. 35 at 3-6.) However, deficiencies as to Jane Doe that the Court described in the Dismissal Order are still present in the FAC, such as referring to "Plaintiff" in both the plural and singular (ECF No. 31 at 1, 2, 18, 23, 25, 27, 28, 29, 30) and including Jane Doe as a plaintiff despite her being dismissed in the Dismissal Order (*Id.* at 28). The Court reminds Plaintiff that these deficiencies must be cured if he chooses to file a second amended complaint.

[6] Plaintiff asserts nearly the exact same negligence per se claim that the Court dismissed. (ECF Nos. 31 at 25-28; 1 at 7-8.) Plaintiff's IIED claim is likewise identical in all meaningful ways to the claim asserted in the initial complaint that the Court dismissed. (ECF Nos. 31 at 28-30; 1 at 29-30.) The Court will therefore dismiss these claims with prejudice because Plaintiff repeatedly failed to cure pertinent deficiencies described in the Dismissal Order (ECF No. 30 at 10-12), and no amendments elsewhere in the FAC provide sufficient factual allegations to support a negligence per se or IIED claim. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (noting that a court may deny leave to amend when a party repeatedly fails to cure deficiencies by amendments previously allowed).

(quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). A plaintiff must include plausible factual allegations showing that the municipal defendant had actual or constructive notice that its inaction would likely result in a constitutional violation. *See Tsao v. Desert Palace*, *Inc.*, 698 F.3d 1143, 1145 (9th Cir. 2012).

In the first and second causes of action, Plaintiff attempts to plead facts supporting the policy element of a *Monell* claim based upon a theory that WCSD has policies of inaction.[7] (ECF No. 31 at 14-20.) For the third cause of action, Plaintiff bases *Monell* liability on a theory that a WCSD official with final policymaking authority ratified the alleged violations of Plaintiff's constitutional rights. (*Id.* at 21-23.) These claims fail because the FAC does not contain sufficient factual matter, accepted as true, to support the elements of a *Monell* claim. The Court will accordingly dismiss these causes of action with leave to amend.

### 1. First Cause of Action

In his first cause of action, Plaintiff claims that WCSD violated his rights under the Equal Protection Clause by "allow[ing] the perpetual harassment and abuse to continue at school." (*Id.* at 14.) Plaintiff contends that WCSD "demonstrated deliberate indifference" by "refusing to report instances of abuse and harassment." (*Id.* at 17.) But Plaintiff's allegations are sparse and lack sufficient facts to state a claim; he provides only one example of WCSD allegedly ignoring a report of bullying beyond broad accusations lacking requisite factual context, which alone is insufficient to support the existence of a policy. (*Id.* at 6-7.) Plaintiff also contends that WCSD "demonstrated deliberate indifference . . . by refusing to follow the requirements in the ordered TPO." (*Id.* at 17.) However, Plaintiff does not allege in the FAC that a court extended the TPO beyond September 27, 2022, nor does Plaintiff allege requisite factual context. For example, the FAC does not state the way WCSD refused to follow the requirements in the TPO issued

---

[7]Plaintiff's first and second causes of action are Section 1983 claims against WCSD. (ECF No. 31 at 14-20.) Section 1983 claims brought against a municipal entity are recognized as *Monell* claims. *See, e.g., City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). The Court accordingly analyzes these claims under the *Monell* standard.

against the minor student aggressor, when WCSD did so, or how doing so violated Plaintiff's rights under the Equal Protection Clause. Instead, Plaintiff simply alleges that WCSD ignored the TPO, allowing the bullying "to persist over the next four months." (*Id.* at 9.) Without more than these vague assertions, the FAC does not contain sufficient allegations, accepted as true, to avoid dismissal.[8]

### 2.     Second Cause of Action

Plaintiff then alleges that WCSD violated his rights under the Due Process Clause by "fail[ing] to comply with [WCSD] Policies."[9] (*Id.* at 19.) Plaintiff lists the titles of anti-bullying policies and regulations implemented by WCSD and alleges that WCSD's failure to punish the minors bullying Plaintiff created an environment where this treatment became acceptable. (*Id.*) Yet without more than vague allegations, Plaintiff again fails to sufficiently allege the requisite deliberate indifference. For example, Plaintiff does not allege sufficient facts upon which a reasonable factfinder could determine which of the listed policies and regulations WCSD failed to implement, how, where, or when it failed to do so, or how WCSD had notice that any such failure would likely result in a violation of Plaintiff's rights under the Due Process Clause.

Additionally, while the FAC contains allegations relating to the singular bathroom incident, it does not describe any other occurrences of harassment, allege the existence of other aggressors, or allege any additional incidents of bullying in the FAC that would support Plaintiff's claim that WCSD's "failure to mitigate and discipline the offending minors in accordance with [WCSD] Board policies, allowed the pervasive abuse to

---

[8]Plaintiff also includes a factually impossible assertion that unidentified faculty and staff at WCSD ignored a report provided by Plaintiff's parents in March 2019, concerning bullying that began occurring "about November 2021." (ECF No. 31 at 7, 10.)

[9]In the FAC, Plaintiff, for the first time, asserts his second cause of action against WCSD under the Procedural Due Process Clause of both the Fifth Amendment to the United States Constitution and the Fourteenth Amendment. (ECF No. 31 at 18-20.) However, Plaintiff's second cause of action fails as a matter of law insofar as Plaintiff relies on the Due Process Clause because WCSD is not a federal government entity, and the Due Process Clause applies to and restricts only the federal government. *See Geneva Towers Tenants Org. v. Federated Mort. Inv.*, 504 F.2d 483, 487 (9th Cir. 1974).

continue and fomented an environment wherein such abuse was acceptable." (*Id.* at 6-7, 19.) Again, Plaintiff does not allege the requisite factual matter.

### 3. Third Cause of Action

Finally, Plaintiff attempts to plead facts supporting the policy element of a *Monell* claim in his third cause of action based on a theory that a WCSD official with final policymaking authority ratified the alleged violations of Plaintiff's constitutional rights. (*Id.* at 21-23.) A plaintiff may establish the policy element of a *Monell* claim by demonstrating that the individual tortfeasor "was an official with final policy-making authority or such an official ratified the unconstitutional decision or action and the basis for it." *Gordon v. Cnty. of Orange,* 6 F.4th 961, 973 (9th Cir. 2021) (citations omitted). But before a municipal employer may be held liable under a theory that an official with final policymaking authority ratified the unconstitutional decision or action and the basis for it, the plaintiff must demonstrate that the named official had final policymaking authority for purposes of municipal liability. *See Cortez v. County of Los Angles*, 294 F.3d 1186, 1188-89 (9th Cir. 2002).

Plaintiff fails to plausibly allege that a WCSD official with final policymaking authority ratified the alleged violations of Plaintiff's constitutional rights and the basis for those violations, though Plaintiff claims that unknown policy makers allowed "for the pervasive and blatant violation of student's constitutional rights." (ECF No. 31 at 21.) But Plaintiff does not name a policy maker and admits that he cannot identify any for purposes of the claim. (*Id.*) Moreover, Plaintiff does no more than provide vague, conclusory allegations that "WCSD have [sic] ratified, condoned, approved, and encouraged the use [of] retaliatory acts by its administrators, faculty, and teachers." (*Id.* at 22.) Plaintiff's third cause of action accordingly does nothing more than set forth a series of legal conclusions void of the requisite factual allegations. (*Id.* at 21-23.) This does not suffice.

In sum, Plaintiff's FAC fails to allege sufficient facts supporting a *Monell* claim because it alleges only vague and conclusory allegations. However, what Plaintiff alleges could be a valid *Monell* theory—namely that WCSD has policies of inaction and that a

WCSD official with final policymaking authority ratified Plaintiff's alleged constitutional violations—if it was supported by sufficient facts. *See Tsao*, 698 F.3d at 1143-44. Therefore, because the Court cannot find that amendment is futile, dismissal of these claims is with leave to amend to cure these deficiencies.

### B. Title IX Claims

In the Dismissal Order, the Court dismissed without prejudice Plaintiff's fourth cause of action alleging violations of his rights under Title IX. (ECF No. 30 at 13.) Plaintiff again attempts to allege a Title IX claim in his fourth cause of action but fails to plausibly allege the required elements. (ECF No. 31 at 23-25.) The Court therefore dismisses the claim with leave to amend.

Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX includes a private right of action against federal fund recipients for discrimination based on sex, sexual orientation, or perceived sexual orientation. *See Grabowski v. Ariz. Bd. of Regents*, 69 F.4th 1110, 1115-16 (9th Cir. 2023). The *Grabowski* court also suggested that a viable Title IX claim could be based on allegations that the harassers perceived the victim as not conforming to traditional gender norms. *See id.* at 1117-19. Plaintiff presents two theories of Title IX liability: student-on-student sexual harassment and retaliation. (ECF No. 35 at 13-15.) The Court addresses each theory in turn.

#### 1. Sexual Harassment

A plaintiff may allege "a Title IX claim against a school that arises from student-on-student . . . sexual harassment or assault" as Plaintiff appears to allege here. *See Karasek v. Regent of Univ. of Cal.*, 956 F.3d 1093, 1105 (9th Cir. 2020). But to do so, a plaintiff must plausibly allege that "(1) the educational institution had substantial control over both the harasser and the context in which the known harassment occurs; (2) that the harassment was so severe, pervasive, and objectively offensive that it denied its victims

the equal access to education that Title IX is designed to protect; (3) that a school official with authority to address the alleged discrimination and to institute corrective measures has actual knowledge of the discrimination; (4) that the school acted with deliberate indifference to the harassment; and (5) that the school's deliberate indifference must, at a minimum, cause students to undergo harassment, or make them liable or vulnerable to it." See Brown v. Arizona, 82 F.4th 863, 874 (9th Cir. 2023) (internal quotation marks and citations omitted) (citing Grabowski, 69 F.4th at 1120).

To support his Title IX sexual harassment claim, Plaintiff alleges that "despite being reported . . . [to] faculty and staff at Whitehead," he "was subject[ed] to extreme and pervasive harassment by a group of students," including "taunting based on his sexuality . . . [and] perceived sexual orientation." (ECF No. 31 at 6.) The FAC once again fails to allege sufficient facts supporting the necessary elements of a Title IX claim. For example, Plaintiff does not allege specific details of when or where the harassment by the unidentified group of students occurred other than conclusory assertions that it happened, and while under the supervision of WCSD staff. It also does not contain sufficient factual allegations to support a claim that a WCSD official with authority to address the alleged harassment had actual knowledge of the discrimination; the allegations that unidentified staff ignored reports of discrimination are too unclear for the Court to discern who provided the reports, approximately when the reports were provided, and what information was provided in the report. (Id.) Without more, Plaintiff cannot allege sufficient facts to support the elements of a Title IX sexual harassment claim.

**2.     Retaliation**

"To establish a prima facie claim of retaliation under Title IX, a plaintiff must allege that (1) the plaintiff participated in a protected activity, (2) the plaintiff suffered an adverse action, and (3) there was a causal link between the protected activity and the adverse action." Grabowski, 69 F.4th at 1120 (citation omitted). To support a Title IX retaliation theory, Plaintiff alleges that "[he was] retaliated against as [he was] denied privileges" and

WCSD "retaliated against him by segregating and isolating him as a result of the harassment, assault, and bullying." (ECF No. 35 at 14.)

Plaintiff again fails to plead sufficient facts to support the necessary elements of a Title IX retaliation claim. He alleges that WCSD denied him privileges and isolated him because of the harassment, but the Court cannot discern who did this, when, or how from the factual allegations in the FAC and therefore cannot determine whether a reasonable person would have been dissuaded from complaining of discrimination by the action taken by anyone at Whitehead Elementary. (ECF No. 31 at 16.) The Court also cannot determine the proximity in time between any protected action and any alleged retaliation to determine a causal link. Lacking these details, Plaintiff has not alleged sufficient facts to support a Title IX retaliation claim.

Plaintiff therefore fails to allege sufficient facts to support a Title IX claim, instead providing only bare and conclusory allegations. The Court accordingly dismisses Plaintiff's Title IX claim.  However, dismissal of this claim is with leave to amend because the Court cannot find that amendment is futile; Plaintiff's bullying allegations and subsequent inaction from WSCD could support a Title IX claim with sufficient facts. *See Grabowski*, 69 F.4th at 1118-19, 1121-22.

IV.    **CONCLUSION**

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant WCSD's motion to dismiss (ECF No. 32) the FAC (ECF No. 31) is granted. The first through fourth causes of action are dismissed with leave to amend because the Court cannot find that amendment would be futile. The fifth and sixth causes of action are dismissed with prejudice because Plaintiff repeatedly failed to cure deficiencies.

It is further ordered that Plaintiff is granted leave to file a second amended complaint within 30 days from the date of entry of this order if he believes he may cure the identified deficiencies.

If Plaintiff does not timely file a second amended complaint consistent with this order, the Court will dismiss the first through fourth causes of action with prejudice without further advance notice to Plaintiff.

DATED THIS 14th Day of November 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE